```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
JUAN C. PEDRAZA SENIOR,
                                        MEMORANDUM & ORDER
                Plaintiff,
                                        20-CV-6114 (KAM)(LB)
        - against -

RIKERS ISLAND C-76 MEDICAL STAFF
and CITY OF NEW YORK,

                Defendants.
------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge**:

Plaintiff Juan C. Pedraza, a *pro se* litigant detained on Rikers Island, filed a complaint on December 14, 2021, against defendants Rikers Island C-76 Medical Staff and the City of New York.  (ECF No. 1, Complaint.)  Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order.  For the reasons set forth, the complaint is dismissed, with leave to replead within 30 days.

## BACKGROUND

Plaintiff's complaint contains a litany of allegations about conditions at Rikers Island that he experienced from April to May, 2020, including inadequate food and eating utensils; lack of mattresses, shower mats, and shaving razors; broken TVs and phones; broken security cameras and inadequate officer staffing leading to inmate fighting; and broken windows and

leaky pipes.  (ECF No. 1, Complaint at 4.)[1]  Plaintiff also alleges improper COVID-19 procedures performed by the prison medical staff, specifically alleging that "doctors [are] not equiped to handle patience [sic] or [patients] under thease diagnoses" and that "the doctords [sic] not testing us correctly."  Due to the prison conditions, plaintiff "caught numerous asthma attacks cuass [sic] the place was dirty and not ready to be live in" [sic]. (*Id.*)  He also alleges that there was a delay in providing him medical attention for his asthma attacks and that the attention he did receive was inadequate. (*Id.*)  Plaintiff seeks three million dollars in compensatory damages.

## LEGAL STANDARD

Pursuant to 28 U.S.C. §1915A, this Court reviews the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, in order to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Moreover, the

---

[1] The pages of the standard form and the addenda are not consecutively paginated. The Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

2

*in forma pauperis* statute similarly directs a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, at the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550

3

U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff names the Rikers Island C-76 Medical Staff and the City of New York as defendants. Plaintiff alleges that his constitutional rights were violated, a claim which may be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*,

4

565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (citation and internal quotation marks omitted)).  Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker.  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).  The New York City Department of Correction operates Rikers Island and is an agency of the City of New York.  The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency."  N.Y. City Charter ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).  Accordingly, plaintiff's claims against Rikers Island must be brought against the City of New York, and plaintiff must assert that a policy or practice of unconstitutional behavior caused his injuries.

     The majority of plaintiff's allegations relate to general conditions at Rikers Island.  (*See generally* ECF No. 1, Complaint.)  Prisoners and detainees have constitutionally protected rights to be held under humane conditions of confinement, including access to adequate food, clothing,

5

shelter, medical care, and security. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Humane conditions of confinement are guaranteed by the Eighth Amendment's prohibition against cruel and unusual punishment of convicted prisoners, while the Due Process Clause of the Fourteenth Amendment protects pretrial detainees held in state custody. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). A claim for inhumane conditions of confinement may assert a constitutional deprivation where it alleges "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-68 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.").

Inadequate medical treatment may also give rise to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment); *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth

6

Amendment). A plaintiff must allege that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). He must also allege that the official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

In this case, plaintiff's allegations do not give rise to a viable claim under the Fourteenth Amendment. His claims related to missing or broken items do not rise to the level of "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." Plaintiff offers only vague allegations of unsanitary conditions, insufficient COVID-19 prevention protocols, and a 14-day delay for his asthma in medical care from April through May of 2020. (ECF No. 1, Complaint at 4.)

In light of the Court's duty to liberally construe the pleadings of *pro se* litigants, plaintiff is granted leave to amend his Complaint. Plaintiff must allege facts regarding exhaustion of his PLRA remedies. In order to establish a claim under the Fourteenth Amendment, he must provide details that show that officials were aware of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

7

Plaintiff must also name proper defendants. He names "Rikers Island C-76 Medical Staff" as defendants, which he may not do, as explained above, and he does not identify any individual defendant or explain what any medical staffer did or failed to do, and when. In order to proceed, he must describe the specific incidents which he believes may have violated his constitutional rights, including dates, locations, and the individuals who were involved. Even if plaintiff does not know the names of these individuals, he may identify each of them as John Doe Correctional Officer or Jane Doe Physician or the like, and provide identifying information. He must also describe what each individual did or failed to do in violation of his constitutional rights. In order to maintain his claim against the City of New York, he must demonstrate that the harms he suffered were caused by an unconstitutional official policy.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, he is granted leave to file an amended complaint within 30 days of the date of this Order as directed by this Order. Any amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. Plaintiff is reminded

8

that an amended complaint completely replaces all prior pleadings. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall serve a copy of this order upon petitioner, and note proof of service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
      April 5, 2021

                                                 //s//
                                     KIYO A. MATSUMOTO
                                     United States District Judge